### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE GAVURNIK | : CIVIL TRIAL DIVISION |
| vs. | : JURY TRIAL DEMANDED |
| VANTAGE LABS, LLC, et. al. | : No. 19-cv-05537 |

### **O R D E R**

AND NOW, this _____ day of _____, 2021, upon consideration of Plaintiff's Motion-In-Limine To Exclude EEOC Dismissal and Notice of Rights Re: Charge No. 530-2017-02582 and any response thereto, it is hereby ORDERED and DECREED that: defendants are precluded from offering EEOC Dismissal and Notice of Rights Re: Charge No. 530-2017-02582 into evidence and/or eliciting any testimony and/or commenting upon the outcome of the EEOC investigation into Charge No. 530-2017-02582.

BY THE COURT

_____
MARSTON, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE GAVURNIK | : | CIVIL TRIAL DIVISION |
| vs. | : | JURY TRIAL DEMANDED |
| VANTAGE LABS, LLC, et. al. | : | No.  19-cv-05537 |

_____

**PLAINTIFF'S MOTION-IN-LIMINE TO EXCLUDE
EEOC DISMISSAL AND NOTICE OF RIGHTS RE: CHARGE NO. 530-2017-02582**

Plaintiff, Bruce Gavurnik, by and through his undersigned counsel, respectfully moves this Court, to enter an Order precluding the defendants from offering the EEOC Dismissal and Notice of Rights issued on Charge No. 530-2017-02582 into evidence and/or eliciting any testimony and/or commenting upon the outcome of the EEOC investigation into Charge No. 530-2017-02582 for the reasons more fully set forth in the accompanying Memorandum of Law.

WHEREFORE, plaintiff, Bruce Gavurnik, respectfully requests that this Honorable Court grant the relief requested.

Respectfully Submitted,

/s/ Bruce Preissman
Bruce Preissman, Esq.
I.D.# 69996
1032 Mill Creek Drive, Suite 204
Feasterville, PA  19053
(215) 322-6990
Attorney for plaintiff

Dated:  July 30, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRUCE GAVURNIK                      : CIVIL TRIAL DIVISION

   vs.                              : JURY TRIAL DEMANDED

VANTAGE LABS, LLC, et. al.           : No.  19-cv-05537
_____

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION-IN-LIMINE TO EXCLUDE EEOC DISMISSAL AND NOTICE OF RIGHTS RE: CHARGE NO. 530-2017-02582**

**I. Facts Relevant to Motion**

On September 20, 2019 the EEOC issued a Dismissal and Notice of Rights on Charge No. 530-2017-02582 ("Determination"). (Charge No. 530-2017-02582 attached hereto as Exhibit "A".) The finding issued by the EEOC reads as follows:

> "The EEOC Issues the following determination:  based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

Exhibit A.

Given defendants' exhibit list, it is anticipated that the defense will try to offer the Determination and into evidence and/or question plaintiff or another witness about the Determination.

**II.  Argument**

The Determination does not set forth the particulars of its investigation; nor does it specify what information the EEOC obtained that it relied upon in issuing its determination.  The Determination does not even render a concrete decision.  Therefore, it is not evidence of any fact in dispute in this case.  However, the potential prejudicial effect to the plaintiff is great in that the

jury may conclude that this case was investigated by a governmental agency and that said agency sided with the defense.

FRE. 401 states: "'Relevant Evidence'" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The entire Determination is a conclusory statement that, in essence, states that the EEOC is "unable to conclude." As such, it has no probative value of any fact at issue in this case. As a result, it should be excluded under FRE 402 as not relevant.

Even if relevant, the Determination would be unfairly prejudicial to the plaintiff as the jury may wrongly conclude that the EEOC, a federal government agency, obtained at least the same information that plaintiff obtained in discovery and then issued its determination. This would be unfairly prejudicial to plaintiff's right to have a jury decided whether or not the information he presents at trial establishes a violation of the statutes. This is the exact type of evidence that should be excluded under FRE 403; evidence with little or no probative value that is "substantially outweighed by the by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" FRE 403.

In fact, the Determination contains the exact language that was contained in the EEOC determination that was excluded in *Burlington v. News Corp.*, Civil Action No. 09-1908, \*18 (E.D. Pa. May 27, 2015). As that Court stated:

> "Here, there is very little probative value in the EEOC determination. It represents mere conclusory statements, such as "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." It contains no factual basis for arriving at this conclusion, and appears to be nothing more than an EEOC form with boilerplate language."

*Id* at \*17.

"Moreover, the EEOC Determination appears to be nothing more than a non-decision.  It simply advises that it is "unable to conclude" whether a violation occurred and "does not certify that the respondent is in compliance."  This indecisive language has no probative value."

*Id.*

For all of the foregoing reasons, the Dismissal and Notice of Rights issued by the EEOC on Charge No. 530-2017-02582 should be excluded from evidence as should all references to the findings of the EEOC's investigation.

WHEREFORE, plaintiff, Bruce Gavurnik, respectfully requests that this Honorable Court grant the relief requested.

Respectfully Submitted,

/s/ Bruce Preissman
Bruce Preissman, Esq.
I.D.# 69996
1032 Mill Creek Drive, Suite 204
Feasterville, PA  19053
(215) 322-6990
Attorney for plaintiff

Dated:  July 30, 2021

## CERTIFICATION OF SERVICE

I do hereby certify that Plaintiff's Motion in Limine Exclude EEOC Dismissal and Notice of Rights Re: Charge No. 530-2017-02582 was served via electronic filing this 30th day of July 2021 upon:

Kristin Blair Tyler, Esq.
Vantage Labs, LLC
6805 Route 202
New Hope, PA 18938
ktyler@vantage.com

John J. Pezzillo, Jr., Esq.
Vantage SantoLubes Research, LLC
6805 Route 202
New Hope, PA 18938
jpezzillo@email.vantage.com
(Attorneys for Defendants)

/s/ Bruce Preissman
Bruce Preissman, Esq.
Attorney for Plaintiff
1032 Mill Creek Drive, Suite 204
Feasterville, PA 18966
(215) 322-6990